IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

THOMAS N. IVY, JR.                                                                              PLAINTIFF

vs.                               Civil No. 1:07-cv-01116

MICHAEL J. ASTRUE                                                                           DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Thomas N. Ivy, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed these applications for DIB and SSI on March 24, 2005.[2] (Tr. 19, 172-176). Plaintiff alleged he was disabled due to back pain, left leg pain, depression, anxiety, hypothyroidism,

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

[2] Plaintiff previously filed applications for SSI and DIB on July 22, 2002. (Tr. 61-63, 135-138). These applications were denied by the ALJ on July 19, 2004. (Tr. 148-157). There is no indication that Plaintiff ever appealed that denial.

and costochondritis.³  (Tr. 21, 69-72, 80-84, 90, 97, 194, 201, 204, 208-209, 211).  During the administrative hearing on December 5, 2006, Plaintiff also alleged he was disabled due to bad knees, allergies, arthritis, headaches, and sleep problems.  (Tr. 410-412).  Plaintiff alleged an onset date of September 1, 2002.  (Tr. 172).  These applications were denied initially on July 7, 2005 and were denied again on reconsideration on October 14, 2005.  (Tr. 158-164, 347-353).

On November 15, 2005, Plaintiff requested an administrative hearing on his applications.  (Tr. 19, 33).  This hearing was held on December 5, 2006 in Pine Bluff, Arkansas.  (Tr. 399-440).  Plaintiff was present and was represented by counsel, Laura Elkins, at this hearing.  *See id.*  Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed the ninth grade in school.  (Tr. 402).

On April 24, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 19-26).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2006.  (Tr. 21, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 1, 2002, his alleged onset date.  (Tr. 21, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: anxiety disorder, thyroid disorder, and costochondritis.  (Tr. 21, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 21-22, Finding 4).

---

³ Costochondritis is defined as "[i]nflammation of one or more costal cartilages, characterized by local tenderness and pain of the anterior chest wall that may radiate, but without the local swelling typical of Tietze syndrome."  *See PDR Medical Dictionary* 450 (3rd ed. 2006).  Costal cartilage is cartilage found around the ribs. *See id.*

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 21-25, Finding 5). At the administrative hearing, Plaintiff claimed he had limited lung capacity due to his lung surgery (Tr. 410), had a "nervous problem" (Tr. 410, 413-414), had frequent headaches (Tr. 411), had problems with both of his knees (Tr. 411), had problems sleeping (Tr. 411), had left leg pain and numbness (Tr. 411, 415), had neck pain (Tr. 412), suffered from depression (Tr. 412), had problems with his thyroid (Tr. 412), and suffered from severe allergy and sinus problems (Tr. 412). Plaintiff also alleged at the administrative hearing that he suffered from constant back pain that was focused in the lower part of his back, in the center of his back, or in his neck (depending upon the time of day). (Tr. 413-415). Plaintiff claimed he could not stand for more than twenty (20) or thirty (30) minutes at a time and could only walk for a short period of time. (Tr. 417, 431). Plaintiff claimed he was unable to bend or stoop. (Tr. 417, 434). Plaintiff claimed he could not lift over ten (10) or fifteen (15) pounds. (Tr. 432).

The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 404.1529(c) and 20 C.F.R. § 416.929(c). (Tr. 22-25). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations. *See id.* The ALJ based this determination on several different findings, including the following: (1) Plaintiff had no history of inpatient psychiatric treatment or outpatient mental health counseling, despite his complaints of disabling anxiety; (2) Plaintiff denied suffering from back or joint pain on September 17, 2004 and February 10, 2005, despite his complaints of disabling back pain; (3) Plaintiff's medical records did not support his claimed functional limitations; and (4) Plaintiff's medical records did not establish that he required strong prescription pain medication. (Tr. 22-25).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the evidence in the record and hearing testimony and determined Plaintiff's RFC. (Tr. 22-25). Specifically, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry up to 10 pounds occasionally; stand and walk for a total of 2 hours in an 8 hour work period, 30 minutes without interruption; sit for a total of 6 hours in an 8 hour work period, 2 hours without interruption; occasionally climb 1 flight of stairs; occasionally balance, stoop, crouch, kneel, crawl; push/pull 10 pounds; no significant impairment in the ability to reach, handle, feel, see, hear, and speak; avoid exposure to heights and vibrations; good ability to follow work rules; fair ability to relate to coworkers; fair ability to deal with the public; fair ability to use judgment; fair ability to interact with supervisors; fair ability to deal with stress; fair ability to function independently; fair ability to maintain attention/concentration; poor ability to understand, remember, and carry out complex instructions; fair ability to understand, remember, and carry out detailed, but not complex job instructions; good ability to understand, remember, and carry out simple job instructions; good ability to maintain personal appearance; fair ability to behave in an emotionally stable manner; fair ability to relate predictably in social situations; and fair ability to demonstrate reliability.

(Tr. 22-25, Finding 5). *See* 20 C.F.R. § 416.967(a) (2008).

The ALJ then determined Plaintiff would not be able to perform his Past Relevant Work ("PRW") but would be able to perform work existing in significant numbers in the national economy. (Tr. 25-26, Findings 6, 10). First, the ALJ found Plaintiff's PRW included work as a caregiver, poultry worker, and chainsaw operator. (Tr. 25, Finding 6). The ALJ determined these jobs were performed at the medium to heavy exertional levels. (Tr. 25, Finding 6). Based upon this finding, and considering Plaintiff's RFC, the ALJ determined Plaintiff would be unable to perform his PRW. (Tr. 25, Finding 6).

Second, the ALJ determined, considering Plaintiff's age, education, work experience, and RFC, that there jobs existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 25-26, Finding 10). The VE testified at the administration hearing regarding this

4

issue. (Tr. 437-440). Specifically, the VE testified that a hypothetical person the same age as Plaintiff and with the same education, work experience, and RFC as Plaintiff would be able to perform such occupations as a bench assembler (sedentary, unskilled) with 10,000 such jobs in the region and 100,000 in the national economy. (Tr. 26, 439). Based upon this testimony, the ALJ determined Plaintiff was capable of making an adjustment to other work existing in significant numbers in the national economy and, therefore, was not disabled. (Tr. 25-26, Findings 10-11).

On May 22, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 12-13). *See* 20 C.F.R. § 404.968. On September 13, 2007, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 6-8). On November 20, 2007, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on December 3, 2007. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 12-13). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in failing to consider his impairments in combination; (B) the ALJ erred in performing his credibility determination; (C) the ALJ erred in determining Plaintiff retained the RFC for light work; and (D) the ALJ erred by failing to fully and fairly develop the record. (Doc. No. 12, Pages 2-19).  In response, Defendant claims that this case is barred by *res judicata*.  (Doc. No. 13, Pages 3-4). Specifically, Defendant claims the ALJ determined on June 19, 2004 that Plaintiff was not disabled from November 22, 2001 through July 19, 2004.  *See id.*  Defendant claims that Plaintiff did not appeal this decision and that this Court is bound by that earlier determination.  *See id.*  Defendant also claims that substantial evidence supports the ALJ's determination that Plaintiff retained the RFC for sedentary work and that the ALJ fully and fairly developed the record in this case.  *See id.* at 4-10.

As an initial matter, Defendant is correct in his argument that this Court is bound to the previous administrative decision dated July 19, 2004.  *See* 20 C.F.R. § 404.957(c)(1) (stating "[t]he doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action").  Therefore, because Plaintiff's claimed status as disabled has already been finally determined as of July 19, 2004, this Court will only address those records dated after July 19, 2004 in order to determine whether Plaintiff can establish a disability from July 19, 2004 until April 24, 2007.  *See id.*

### A. Impairments in Combination

Plaintiff claims the ALJ erred by failing to evaluate his impairments in combination. (Doc. No. 12, Page 15). Plaintiff claims that "the ALJ has sidestepped the requirement that the claimant's impairments be considered in combination, in violation of Anderson v. Heckler, 805 F.2d 801 (8th Cir. 1986)." *See id.* Specifically, Plaintiff claims the ALJ failed to properly consider his allegations of pain, discomfort, and depression in combination. *See id.* In response, Defendant claims the ALJ properly evaluated and considered Plaintiff's impairments in combination in accordance with the Eighth Circuit's requirements. (Doc. No. 13, Page 8).

Under the facts in the present case, this Court finds that the ALJ properly considered Plaintiff's impairments in combination. The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2007). In the present action, in reviewing those claimed impairments, the ALJ stated that Plaintiff did not have "an impairment or *combination of impairments* that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1," and the ALJ noted that he had reviewed Plaintiff's impairments "*in combination.*" (Tr. 21-22) (emphasis added). These statements are sufficient in the Eighth Circuit to establish that the ALJ properly considered the combined effect of a plaintiff's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered the Plaintiff's impairments in combination. Plaintiff has alleged that he suffers from a number of impairments. (Doc. No. 12, Page 3). However, this Court is not required to find a plaintiff is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates that the ALJ properly considered the combined effects of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of the Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

### B. Credibility Determination

Plaintiff also claims the ALJ erred in evaluating his subjective complaints. (Doc. No. 12, Pages 15-17). Specifically, Plaintiff claims the ALJ improperly discounted his subjective complaints regarding his level of back pain, discomfort, anxiety, mental problems, and depression. *See id.* In response, Defendant argues that the ALJ properly discounted those subjective complaints after reviewing the record as a whole. (Doc. No. 13, Pages 6-7). Defendant argues that Plaintiff's medical records were inconsistent with his subjective complaints of pain, that none of Plaintiff's treating physicians restricted him in his functional activities, and that many of Plaintiff's claimed "disabling impairments" could be controlled with medication. *See id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ properly evaluated the factors from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, properly stated inconsistencies between Plaintiff's subjective complaints and the record, and properly discounted Plaintiff's subjective complaints.  (Tr. 22-25). First, the ALJ

properly evaluated Plaintiff's subjective complaints pursuant to the factors from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. (Tr. 22-25). In his appeal brief, Plaintiff claims that, in evaluating these subjective complaints, the ALJ was required to cite to the *Polaski* opinion. (Doc. No. 12, Page 16). However, in the Eighth Circuit, an ALJ is not required to evaluate Plaintiff's subjective complaints pursuant to the factors of *Polaski*. *See Schultz,* 479 F.3d at 983. Instead, the ALJ can evaluate those subjective complaints pursuant to the factors in 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. *See id.* The ALJ is also not required to cite to the *Polaski* opinion. *See id.* Therefore, Plaintiff's argument that the ALJ was required to cite to *Polaski* is meritless.

Second, the ALJ properly stated the following inconsistencies between Plaintiff's subjective complaints and the record: (1) Plaintiff had no history of inpatient psychiatric treatment or outpatient mental health counseling, despite his complaints of disabling anxiety; (2) Plaintiff denied suffering from back or joint pain on September 17, 2004 and February 10, 2005, despite his complaints of disabling back pain; (3) Plaintiff's medical records did not support his claimed functional limitations; and (4) Plaintiff's medical records did not establish that he required strong prescription pain medication. (Tr. 22-25). This analysis is sufficient in the Eighth Circuit and should be affirmed. *See Chamberlain v. Shalala,* 47 F.3d 1489, 1494 (8th Cir. 1995) (holding that "[w]here conflicting allegations and claims exist, credibility findings are for the ALJ to make").

### C. RFC Determination

Plaintiff claims the ALJ erred in determining he retained the RFC for light work. (Doc. No. 12, Pages 17-18). Plaintiff claims that "[t]o perform even *sedentary* work, one must be able to function on a <u>regular and sustained basis</u>" and that, due to his limitations, he is incapable of performing any work on a regular and sustained basis. *See id.* In response, Defendant argues that, in actuality, the ALJ determined Plaintiff only retained the RFC for sedentary work. (Doc. No. 13,

11

Pages 4-8). Defendant also argues that the "medical evidence fully supports the ALJ's determination" that Plaintiff retains the RFC for sedentary work. *See id.* Defendant argues that Plaintiff's treatment records support the ALJ's disability determination and reflect that Plaintiff did not suffer from disabling pain. *See id.*

After reviewing the record, this Court finds the ALJ did not err in determining Plaintiff retains the RFC for sedentary work. As noted above, the only relevant medical records are those dated *after* the ALJ's first administrative hearing on July 19, 2004. *See* Discussion, *supra.* The only records dated during this time period are from Dr. Foscue (Tr. 220-283), Dr. Floss (Tr. 311-329), and psychologist Dr. Williams, Ph.D. (Tr. 330-346).

### (1) Medical Records from Dr. Foscue

The relevant records from Dr. Foscue date from August 23, 2004 until February 10, 2005. (Tr. 220-283). These records reflect that as late as February 10, 2005, Plaintiff denied having symptoms of depression, back pain, joint stiffness, and knee pain. (Tr. 220-221). Dr. Foscue reported on that date that Plaintiff continued to suffer from anxiety syndrome, hypertension, and hyperthyroidism, but Dr. Foscue did not indicate that those limitations could not be controlled with medication. *See Raney v. Barnhart,* 396 F.3d 1007, 1010 (8th Cir. 2005) (holding that impairments that can be controlled with medication should not be considered disabling). In fact, this record reflects Dr. Foscue had prescribed three different medications to treat each of these three physical limitations. (Tr. 220-221).

Plaintiff has not directed this Court to any other medical records from Dr. Foscue that establish his claimed disability.[5] *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (holding

---

[5] The medical records Plaintiff references from Dr. Foscue in support of his claims are dated July 30, 2001, which is prior to his alleged onset date and prior to the relevant time period in this case. (Doc. No. 12, Page 9).

12

that the claimant has the burden of establishing the limitations on his or her RFC). Therefore, Plaintiff cannot use the medical records from Dr. Foscue to meet his burden of establishing his claimed limitations on his RFC. *See id.*

### (2) Medical Records from Dr. Floss

The relevant records from Dr. Floss date from November 16, 2004 until May 18, 2005. (Tr. 311-329). On March 1, 2005, Plaintiff reported to Dr. Floss that he was concerned about his "chronic anxiety." (Tr. 312). Dr. Floss treated Plaintiff with medication and directed him to seek follow-up treatment in six months. *See id.* Thereafter, on May 18, 2005, Dr. Floss treated Plaintiff for a sore throat and cold-like symptoms. (Tr. 311). Dr. Floss noted at the time of this examination that Plaintiff demonstrated an improved level of anxiety, which indicates that Plaintiff's anxiety was not disabling. *See id.*

Plaintiff has not directed this Court to any other medical records from Dr. Floss that establish his claimed disability.[6] *See Goff,* 421 F.3d at 790. Furthermore, none of the records from Dr. Floss support Plaintiff's claim that he is unable to work. (Tr. 311-329). At best, these records establish that Plaintiff has some mild limitations due to anxiety that can be controlled with medication.[7] *See Raney,* 396 F.3d at 1010.

### (3) Medical Records from Dr. Williams

The relevant report from Dr. Williams is dated July 6, 2005. (Tr. 330-346). Dr. Williams

---

[6] In his appeal brief, Plaintiff referenced an office note dated June 4, 2007 by Dr. Floss. (Tr. 361). In this note, Dr. Floss stated that Plaintiff was complaining of "[i]ncreasing low back pain for several months. The patient is requesting an MRI of his lumbar spine." (Tr. 361). On June 11, 2007, this MRI was taken and was found to be a "normal" MRI of the lumbar spine. (Tr. 363). Plaintiff was not diagnosed with any back problems. *See id.* Clearly, this report does not support Plaintiff's claim that he is disabled due to back pain.

[7] At the administrative hearing on December 6, 2006, Plaintiff himself acknowledged that his anxiety had improved since he started taking medication to treat it. (Tr. 414).

completed a psychiatric review technique form and noted that he considered Plaintiff's anxiety was non-severe. (Tr. 330). This finding supports the ALJ's determination that Plaintiff is not disabled due to his anxiety, and Plaintiff has not directed this Court to any other medical records from Dr. Williams that establish his claimed disability. *See Goff,* 421 F.3d at 790. Accordingly, because Plaintiff has provided no evidence to support his claim that he suffers from disabling impairments, Plaintiff has not met his burden of establishing limitations on his RFC, and this RFC determination should be affirmed.

### D. Fully and Fairly Develop the Record

Plaintiff claims the ALJ erred by failing to "fully and fairly develop the record." (Doc. No.12, Pages 18-19). Plaintiff claims the ALJ "disregarded his [Plaintiff's] credible testimony and the supportive medical evidence, but offered no evidence to the contrary." *See id.* Plaintiff claims that "[e]ven the conclusions reached by the state agency consultants do not support the ALJ's conclusions." *See id.* In response, Defendant claims that Plaintiff's argument regarding the ALJ's development of the record is vague and unclear. (Doc. No. 13, Pages 8-10). Defendant claims that "Plaintiff does not explain exactly what it is the ALJ failed to develop properly, or how his application for benefits was allegedly prejudiced." *See id.* Defendant argues that Plaintiff's case should not be remanded on this basis because Plaintiff has not even indicated to the Court how he has been prejudiced by the ALJ's alleged failure to develop the record.

This Court finds this case should not be remanded for the ALJ's alleged failure to develop the record in this case. In order for a plaintiff to establish that a case should be reversed and remanded to the ALJ due to the ALJ's failure to fully and fairly develop the record, a plaintiff must establish that he or she was prejudiced by the ALJ's failure to develop the record. *See Onstad v.*

*Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993). Plaintiff has not indicated to this Court how he was prejudiced by the ALJ's claimed failure to develop the record. Plaintiff merely claims that the ALJ failed to develop the record. (Doc. No. 12, Pages 18-19). This showing is insufficient. Absent a showing of prejudice, this Court should not reverse and remand Plaintiff's case due to the fact that the ALJ potentially failed to develop the record.[8] *See Onstad,* 999 F.2d at 1234.

Furthermore, Plaintiff claims that the conclusions reached by the state agency consultants do not support the ALJ's disability determination, but Plaintiff does not provide analysis of the relevant law or facts as to *how* these conclusions fail to support this determination. Without some explanation or argument on this issue, this Court will not address this issue. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (stating "[w]e reject out of hand Vandenboom's conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because Vandenboom provides no analysis of the relevant law or facts regarding these listings").

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and must be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 19th day of November, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[8] Plaintiff claims the ALJ erred by failing to consider his claimed hypertension. (Doc. No. 12, Page 15). However, Plaintiff did not claim his hypertension was disabling at either the administration hearing or in his applications to the SSA. Therefore, the ALJ was not required to consider this issue. *See Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996) (holding that "the administrative law judge is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability'") (quoting *Brockman v. Sullivan,* 987 F.2d 1344,1348 (8th Cir. 1993))).